**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES HARRY HEBERT BORDAGES, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:25-cv-02615-TLP-atc |
| WMC-TV, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS
COMPLAINT**

Pro se Plaintiff James Harry Hebert Bordages, Jr., sued many unknown individuals and media companies in June 2025, alleging a conspiracy to violate his constitutional rights through unauthorized surveillance.  (*See* ECF No. 1.)  Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters. Judge Christoff issued a Report and Recommendation ("R&R") in January 2026 recommending that the Court dismiss the Complaint and deny Plaintiff's Motion for a Temporary Restraining Order.  (ECF No. 19.)  Her R&R notified both parties that they had 14 days to object to the R&R.  Plaintiff objected.  (ECF No. 20.)

In the R&R, Judge Christoff recommends dismissing Plaintiff's Complaint and denying his Motion for a Temporary Restraining Order for lack of subject matter jurisdiction.  (ECF No. 19.)  For the reasons below, this Court **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

Plaintiff sued here in June 2025.  (ECF No. 1.)  He also moved for other relief, including a temporary restraining order.  (*See* ECF Nos. 3–17.)  In her R&R, Judge Christoff noted that Plaintiff is a frequent litigant in this Court and has repeatedly sued alleging grandiose, vague, and frivolous conspiracies against many individuals and entities.  (ECF No. 19.)  This case is no different.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Objections must be "specific."  Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1). "Overly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012).  So when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo.  *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific

2

objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'" (citation omitted)).

These limits on objections support judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy."). Raising specific objections enables district courts to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that a "general objection to the entirety of a magistrate's report has the same effects as a failure to object" because it does not focus the district court's "attention . . . on any specific issues for review, thereby making the initial reference to the magistrate useless"); *see also Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an issue when it 'explains and cites specific portions of the report which counsel deems problematic." (citation omitted)). With that in mind, the Court turns to Plaintiff's objections.

Judge Christoff entered her R&R on January 13, 2025. Plaintiff objected, but he failed to assert specific problems with the merits of Judge Christoff's recommendation. (ECF No. 20.) His objections focus on Judge Christoff's references to his other frivolous lawsuits, stating that she improperly relied on facts and allegations from other lawsuits in recommending dismissal here. (*Id.*) But Plaintiff is mistaken. Judge Christoff was only referring to the history of frivolous lawsuits to provide context for this Complaint. Plaintiff's objections reveal that he misunderstands these background references as being essential for her recommendation. Because he alleges no specific problem with the R&R, the Court reviews the R&R for clear error.

**DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. In fact, the Court agrees with her well-reasoned analysis.

Judge Christoff correctly notes that "[c]ourts in the Sixth Circuit uniformly find these kinds of claims to be frivolous and dismiss them out of hand for lack of subject matter jurisdiction during the § 1915(e) screening process." (ECF No. 19 at PageID 85 (citing *Burnes v. Clinton*, 238 F.3d 419, at *1 (6th Cir. 2000); *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002); *Martin v. Kazulkina*, No. 12-cv14286, 2017 WL 971706, at *16 (E.D. Mich. Feb. 21, 2017); *Corwin v. CIA*, No. 22-cv-12694, 2023 WL 12176998, at *1 (E.D. Mich. Apr. 21, 2023); *Lawson v. City of Youngstown*, No. 4:16-cv-1057, 2016 WL 2868715, at *2 (N.D. Ohio May 17, 2016); *Walker v. City of Memphis*, No. 2:15- cv-2340-JDT-tmp, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015), *report and recommendation adopted*, 2015 WL 3851994 (W.D. Tenn. June 22, 2015); *Phillips v. Biden*, No. 2:22-cv-61, 2022 WL 2309148, at *2 (E.D. Tenn. June 9, 2022), *report and recommendation adopted*, 2022 WL 2307614 (E.D. Tenn. June 27, 2022); *Shephard v. Dep't of Veterans Affs.*, No. 1:21-cv-1012, 2022 WL 21295049, at *3 (W.D. Mich. Jan. 24, 2022)).)

Bordages has filed over a dozen lawsuits in the Western District of Tennessee since 2012. The first suit (Case No. 2:12-cv-02060-JDT-dkv, "Bordages I") and second suit (Case No. 2:15-cv-02708-STA-atc, "Bordages II") alleged that SportsClips, various governmental agencies, healthcare providers, and media companies "conspired to plant a chip in Bordages's scalp during a routine haircut" in April 2010. *Bordages II*, 2015 WL 9267086, at *1 n.1 (W.D. Tenn. Nov. 5, 2015), *report and recommendation adopted*, 2015 WL 9295994 (W.D. Tenn. Dec. 18, 2015).

Both suits were dismissed as frivolous.  (ECF No. 19 at PageID 79.)  In fact, all the cases that Bordages has filed, that are not pending, have been dismissed as frivolous.  (*Id.*)

Bordages alleges here that he "has been subjected to increasing and unlawful surveillance originating from media outlets, including WMC-TV and WREG-TV, operating in Memphis" and that "[t]his surveillance includes the interception of private communications, monitoring of Plaintiff's residence, and the unauthorized observation and analysis of Plaintiff's physical and biological activity through covert electronic means."  (ECF No. 1, at PageID 2.)  As Judge Christoff notes, it is unclear whether the Complaint here relates to the chip allegedly implanted in his scalp by SportsClips in 2010 or if it is a separate scheme to surveille him.  (ECF No. 19 at PageID 79.)  This is because the Complaint is "extremely vague, nebulous, and difficult to follow."  (*Id.*)

Bordages alleges only that the surveillance occurs "[o]ver several years" and vaguely contends that Defendants here "coordinated with other corporate entities, some acting under color of state or federal authority, to engage in an organized campaign of electronic intrusion, communication interference, and reputational sabotage."  (ECF No. 1 at PageID 3.)  Bordages sues under 42 U.S.C. §§ 1983, 1985, and 1986 and for "obstruction of justice and international legal interference" because of Defendants alleged "access to intimate, detailed personal and biological information" from their sophisticated surveillance operation functioning beyond the scope of protected media activity." (*Id*. at PageID 3–4.)  Bordages requests an injunction prohibiting the alleged remote surveillance and control and $100 billion in damages.  (*Id.* at 4.)

With the above in mind, the Court agrees with Judge Christoff that Plaintiff's allegations are vague, baseless, and frivolous.  And having found no clear error, the Court therefore **ADOPTS** the R&R to dismiss this action.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R and finds no clear error.  And so the

Court **ADOPTS** the R&R.  Accordingly, the Court **DISMISSES** Plaintiff's Claims **WITH**

**PREJUDICE** and **DENIES** his Motion for a Temporary Restraining Order.

SO ORDERED, this 19th day of March, 2026.

        s/Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE